528 A.2d 1379

**Rick LAIRD, Appellant,**

v.

**ELY & BERNARD.**

Superior Court of Pennsylvania.

Argued May 13, 1987.

Filed July 20, 1987.

Before WIEAND, KELLY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal of an order of the Court of Common Pleas of Erie County denying an appeal of a judgment entered by a district justice against the appellant, Rick Laird. We quash.

It appears from the record that the appellant owed the defendants attorney fees and expenses for services rendered. Recoupment of the amount involved began at the district justice level with the filing of a complaint.

Judgment in favor of the defendants was entered by the district justice, according to the Common Pleas Court following argument on the question, "in open court in favor of Ely and Bernard in the amount of $84.25 on April 13, 1984." (See Order of the Court filed December 24, 1984) Thus, the appellant's request to appeal the judgment *nunc pro tunc* to Common Pleas Court was denied by order dated December 24, 1984. This appeal followed and is properly before us for review. See *Goldberg v. Goldberg*, 315 Pa.Super. 333, 461 A.2d 1307 (1983).

We note, at the outset, that the appellant's *pro se* brief is devoid totally of any adherence with our Rules of Appellate Procedure regarding the "Content of Briefs" to this Court under Chapter 21 covering "Briefs and Reproduced Record." In particular, Rule 2111, captioned "Brief of the Appellant" directs in mandatory ("shall") language the format and content an appellant's brief is to subscribe to in order to avoid having an appeal quashed. See Pa.R.App.P. 2101, which reads:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the

appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Needless to say, the appellant's failure to comply in *any respect* with the requirements of Rule 2111 leads inexorably to the conclusion that the mandate of each of the following Rules of Appellate Procedure was equally ignored, e.g., Rule 2114 ("Statement of Jurisdiction"); Rule 2115 ("Order ... in Question"); Rule 2116 ("Statement of Questions Involved"); Rule 2117 ("Statement of the Case"); Rule 2118 ("Summary of Argument"); and Rule 2119 ("Argument").

Lest we be painted as a Court which vents its procedural frustration and flexes its remedial muscles against only *pro se* appellants whose pecuniary ability to pursue an appeal may be alluded to in their brief to us, as is the case here, we wish to dispel this notion by pointing to the exercise of our authority in those cases where we perceive our ability to accurately, incisively and judiciously scrutinize the record is "substantially" hampered, rather than enhanced by the methodology in which an appellant's case is presented for our inquiry. See, e.g., *Commonwealth v. Drew,* 353 Pa.Super. 632, 510 A.2d 1244 (1986); *Commonwealth v. Stoppie,* 337 Pa.Super. 235, 486 A.2d 994 (1985); *Commonwealth v. Jones,* 329 Pa.Super. 20, 477 A.2d 882 (1984); *Commonwealth v. Taylor,* 306 Pa.Super. 1, 451 A.2d 1360 (1982).

A collection of reproduced documents, assembled in a fashion not consistent with our procedural requirements in securing appellate review "does not an appellate brief make", nor can this be ignored and in the same breath require all other litigants to subscribe to the nuances of appellate practice/pleading without exposing oneself to hypocrisy in policy application and policing appellate briefs on an *ad hoc* basis.

Instantly, there is not a scintilla of evidence to admit the appellant's overt compliance with *any* of our Rules of Appellate Procedure, nor does he allege any justification for his failure to do so. And, we state for all those who may come henceforth in the garb of "in forma pauperis" or *pro se,* justice will not be skewed for such litigants, but, on the

contrary, will be meted out even-handedly to those who exhibit at least a modicum of effort in following the prescribed rules of conduct in appellate practice.

This is not the case here, and we can decipher no rule of conscience or law which advises in favor of addressing the merits of the appellant's appeal in the face of the procedural shortcomings pervading his brief to us. Accordingly, we will quash the appellant's appeal for procedural non-compliance. Id.

Appeal quashed.