J-S69043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WADE ANTHONY MASON | |
| Appellant | No. 1020 EDA 2014 |

Appeal from the PCRA Order entered March 26, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0006304-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 16, 2015**

Appellant, Wade Anthony Mason, appeals *pro se* from the March 26, 2014 order entered in the Court of Common Pleas of Delaware County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

After a jury trial, Appellant was convicted of rape, sexual assault and simple assault.[1]  Following sentencing and denial of post-sentence motions, Appellant's trial counsel filed a timely appeal to this Court.  The one issue presented for this Court's consideration was whether the trial court erred by refusing to grant a mistrial based on the prosecutor's closing argument remarks that Appellant "stalked the streets of Chester."  Agreeing with the

---

[1] 18 Pa.C.S.A. §§ 3121, 3124.1, and 2701, respectively.

trial court that the prosecutor's remarks constituted nothing more than oratorical flair and that any prejudice caused by the comment was sufficiently mitigated by the trial court's instructions to the jury, this Court affirmed the judgment of sentence. *Commonwealth v. Mason*, 2268 EDA 2011, unpublished memorandum at 7-8 (Pa. Super. filed April 24, 2012), *appeal denied*, 53 A.3d 757 (Pa. 2012).

Appellant filed a timely *pro se* PCRA petition and counsel was appointed. After reviewing the record and Appellant's issues, PCRA counsel filed a *Turner*/*Finley* letter[2] and a petition to withdraw. The PCRA court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Following its review of the record and Appellant's response to the Notice of Intent, the PCRA court issued its final order on March 26, 2014, dismissing the Appellant's PCRA petition and granting counsel's petition to withdraw. Appellant filed this timely *pro se* appeal on April 7, 2014.[3]

---

[2] In his eleven-page letter filed pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), PCRA counsel thoroughly explored the ten issues Appellant wished to pursue and explained why each contention lacked merit.

[3] On April 10, 2014, Appellant filed an application for appointment of counsel. On May 16, 2104, this Court denied the request in a *per curiam* order citing *Commonwealth v. Maple*, 559 A.2d 953 (Pa. Super. 1989) (stating that when post-conviction counsel has been permitted to withdraw, new counsel shall not be appointed).

Appellant subsequently filed a brief with this Court that violates several important aspects of Pa.R.A.P. 2111 governing appellate briefs. His brief lacks a statement of jurisdiction, the order in question, a statement of the scope and standard of review, a statement of the questions involved, and a statement of the case. Pa.R.A.P. 2111(a)(1)-(5).[4] Appellant does provide a Summary of Argument, as required by Pa.R.A.P. 2111(a)(6). His one-sentence summary—repeated here verbatim—indicates, "Appellant is demonstating the prosecutor comments were undermined the fairmindedness and impartiality to the jury[.]" Appellant's Brief, at iii.

In **Commonwealth v. Spuck**, 86 A.3d 870 (Pa. Super. 2014), this Court addressed a *pro se* litigant's failure to comply with procedural rules governing appellate briefs, stating:

> Rule 2101 underscores the seriousness with which we take deviations from our rules of procedure.
>
> > Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

_____

[4] Without explanation, Appellant does includes a "Counter-statement of the Question Involved," a "Counter-statement of the Case" and a "Summary of Argument," all of which are simply photocopies of those sections of the Commonwealth's brief filed on direct appeal. Appellant's Brief at 1-5. Not surprisingly, the Commonwealth agrees that the facts included in the counter-statement of the case are accurate. Commonwealth Brief, at 4.

> Pa.R.A.P. 2101[.] Although Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar, **see Means v. Housing Auth. of the City of Pittsburgh**, 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000) (noting that Commonwealth Court "is generally inclined to construe *pro se* filings liberally"), Pennsylvania appellate courts nonetheless long have recognized that we must demand that *pro se* litigants comply substantially with our rules of procedure. **See Laird v. [Ely &]Bernard**, 365 Pa. Super. 95, 528 A.2d 1379 (1987). We also have held time and again that "[t]his Court will not act as counsel" for an appellant who has not substantially complied with our rules. **Bombar v. W. Am. Ins. Co.**, 932 A.2d 78, 93 (Pa. Super. 2007).

*Id.* at 873-74 (citation omitted).

Appellant's brief includes three sections with the heading "Argument." The first is on page *iv* where Appellant lists various purported "grounds for seeking post-conviction relief" with case citations. The second section titled "Argument" spans three and a half pages, beginning on page 6 of the brief, and is followed by the third section of argument, a single page titled "Last Argument." We are unable to discern any legal basis for relief in either of Appellant's Argument sections or in his Last Argument. Appellant's failure to comply with the appellate rules governing briefs generally, and specifically his failure to identify the issues he wishes this Court to consider, provides this Court with justification for dismissing Appellant's brief. Pa.R.A.P. 2101. However, Appellant would not be entitled to relief even absent the deficiencies in his brief.

Our Supreme Court has explained:

- 4 -

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." ***Commonwealth v. Sepulveda***, [618 Pa. 262], 55 A.3d 1108 (2012) (citing ***Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 223 (2007)); ***Commonwealth v. Miller***, 585 Pa. 144, 888 A.2d 624 (2005). The PCRA provides that to be entitled to relief, a petitioner must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in Section 9543(a)(2), *and his claims have not been previously litigated or waived*. 42 Pa.C.S. § 9543(a)(2). An issue is previously litigated if "the highest appellate court in which [the appellant] could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2).

***Commonwealth v. Weiss***, 81 A.3d 767, 782 (Pa. 2013) (footnote omitted) (emphasis added). Although much of Appellant's brief is unintelligible, it appears from his Summary of Argument that he is seeking relief based on the prosecutor's comments to the jury.[5] As noted above, that issue was decided on direct appeal by this Court, the highest court in which Appellant could have had review as a matter of right. As such, it has been previously litigated and Appellant is not entitled to relief. ***See Commonwealth v. Paddy***, 15 A.3d 431, 450 (Pa. 2011) (issues "were already raised and rejected on the merits on direct appeal; hence, they have been previously litigated and are not cognizable under the PCRA").

Order affirmed.

---

[5] Supporting the notion that Appellant is challenging the trial court's denial of the motion for mistrial is his statement on the page of his brief titled "Conclusion," in which Appellant contends "[t]he trial court did commit [sic] error or abuse its discretion in a way." Appellant's Brief at 10.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015