J-S30002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF AMERICA NA SUCCESSOR BY MERGER TO BAC HOME LOANS SERVING L.P. F/K/A COUNTRYWIDE HOME LOANS SERVING, L.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| COLIN MOSHER A/K/A COLIN JOHNSTON MOSHER AND ROSSANA QUATTROCCHI | |
| APPEAL OF: ROSSANA QUATTROCCHI | No. 1555 EDA 2014 |

Appeal from the Order Dated May 6, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2012-00732

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JULY 08, 2015**

Appellant, Rossana Quattrocchi, appeals *pro se* from the order entered in the Bucks County Court of Common Pleas, granting the motion to reassess damages filed on behalf of Appellee, Bank of America, N.A., in this mortgage foreclosure action.  We affirm.

In its opinion, the trial court set forth the relevant facts of this case as follows:

> On January 11, 2005, [Appellant's husband,] Colin Mosher a/k/a Colin Johnston Mosher[,] executed a mortgage and promissory note pledging to repay the affiliated loan on a monthly basis.[1]  The specific amount of the mortgage was $276,000.00.  The mortgaged property was 4465 Summer

---

[1] Mr. Mosher is not a party to this appeal.

Meadow Drive, Doylestown, Pennsylvania 18902, Bucks County Parcel Number 34-39-122. The mortgage was recorded in the Office of the Recorder of Bucks County in Mortgage Book No. 4340, Page 572, and it was assigned to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP. [Appellee] is successor by merger to BAC Home Loans Servicing, LP. On March 1, 2010, [Mr.] Mosher and [Appellant] began divorce proceedings.

The mortgage has been past-due since September 1, 2010—a period in excess of three years. The last recorded payment was made on October 7, 2010, which was applied to the August 1, 2010, payment. According to a deed recorded on October 13, 2010, in the Office of the Recorder of Bucks County in Mortgage Book No. 6528, Page 1284, Mr. Mosher transferred the mortgaged property to [Appellant].

(Trial Court Opinion, filed July 18, 2014, at 1-2) (internal citations and footnotes omitted).

Procedurally, Appellee filed a complaint in mortgage foreclosure on January 26, 2012. After Appellant and Mr. Mosher filed preliminary objections, Appellee filed an amended complaint on January 7, 2013. Appellant and Mr. Mosher filed an answer and new matter. On June 26, 2013, Appellee filed a motion for summary judgment. Appellant and Mr. Mosher filed a response on October 3, 2013. The court granted summary judgment in favor of Appellee on October 22, 2013. Appellant did not appeal the summary judgment. On November 14, 2013, Appellee filed a *praecipe* to enter judgment and the prothonotary entered an *in rem* judgment against Appellant and Mr. Mosher in the amount of $315,745.49.

On February 26, 2014, Appellee filed a motion to reassess damages.

The court issued a rule to show cause on March 18, 2014, with a return date of April 14, 2014. Appellant filed no response to the motion to reassess damages or the rule to show cause.

On April 1, 2014, however, Appellant entered her appearance *pro se* and filed a motion styled as a "motion to vacate judgments and stay the foreclosure upon the papers." Appellee filed a motion to make the rule absolute on April 17, 2014. On May 6, 2014, Appellant filed another *pro se* motion styled as a "motion for summary judgement to open strike, and vacate judgments against [Appellant], and to quiet title, and damages." The court issued an order on May 7, 2014, to make the rule absolute and granted Appellee's motion to reassess damages. The *in rem* judgment against Appellant and Mr. Mosher was amended to $338,001.61.

On May 16, 2014, Appellant filed a timely *pro se* notice of appeal from the order amending the judgment. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied. Appellee filed a motion to quash this appeal, on August 20, 2014. This Court denied Appellee's motion to quash on October 6, 2014, without prejudice to Appellee's right to raise the issues in the motion before the merits panel, which Appellee has done.

Appellant raises six issues for our review:

> WHETHER THE [TRIAL] COURT MADE AN ERROR OF LAW
> AND/OR ABUSED [ITS] DISCRETION BY ENTERING
> JUDGMENTS AGAINST [APPELLANT] WHERE [APPELLANT]
> DID NOT EXECUTE THE MORTGAGE ON THE SUBJECT

PROPERTY IN DOYLESTOWN, PA AND THEREFORE [APPELLANT] HAD NO NOTICE THAT SHE COULD RESCIND HER HUSBAND'S LOAN THAT SHE WAS LEFT TO CONSUMMATE ALONE WITHOUT SUFFICIENT FUNDS, UNTIL SHE HAD ACTUAL NOTICE OF HER ABILITY TO RESCIND AND DID SO ON NOVEMBER 1, 2010?

WHETHER [APPELLEE] AND ITS ASSIGNS VIOLATED THE TRUTH IN LENDING ACT SO [AS] TO TRIGGER ITS PROVISION THAT IN SUCH CASE TITLE MUST BE QUIETED IN APPELLANT?

WHETHER THE [TRIAL] COURT MADE AN ERROR AND/OR ABUSED ITS DISCRETION BY GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT, WITH LACK OF EVIDENCE, WITHOUT ARGUMENT OR TESTIMONY, ESPECIALLY IN LIGHT OF TUTTLE ANSWER WHICH LACKED FACTS OF THE SPECIFIC CASE, PERHAPS INTENTIONALLY GIVEN HIS PRIOR RELATIONS WITH THE BANK(S), AS WELL AS [APPELLEE'S] WELL REPUTED SHADY TREATMENT OF ITS MORTGAGE SECURITIES WHICH LATER REQUIRED A SETTLEMENT WITH FANNIE MAE?

WHETHER [APPELLANT] WAS AFFORDED AND RECEIVED DUE PROCESS?

WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION BY RETURNING APPELLANT'S MOTION FOR RULE ABSOLUTE OF MAY 29, 2014 ON HER MOTION TO VACATE THE ORDERS AND QUIET TITLE?

WHETHER APPELLEE[] SHOULD BE LIABLE FOR PUNITIVE DAMAGES GIVEN [ITS] LACK OF TRANSPARENCY, DECEPTION, MISREPRESENTATION, AND DOWNRIGHT TORTURE OF [APPELLANT] DURING 2010 AND BEYOND?

(Appellant's Brief at 8).

Preliminarily, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Strawn v. Strawn***, 664 A.2d 129 (Pa.Super.

1995). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***Jones v. Rudenstein***, 585 A.2d 520 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). This Court may quash or dismiss an appeal if an appellant fails to conform substantially to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101; ***Laird v. Ely & Bernard***, 528 A.2d 1379 (Pa.Super. 1987), *appeal denied*, 520 Pa. 576, 549 A.2d 136 (1988).

Instantly, the defects in Appellant's *pro se* brief are numerous. Appellant's brief lacks a summary of the argument, the text of the order in question, or an attached copy of her Rule 1925(b) statement. ***See*** Pa.R.A.P. 2111(a)(11), 2115(a), 2118. Appellant impermissibly includes argument in her statement of the case and her statement of the scope and standard of review. ***See*** Pa.R.A.P. 2117(b). Although Appellant lists six issues for review in her statement of the questions involved, she fails to include argument with citations to relevant authorities for five of those issues. ***See*** Pa.R.A.P. 2119(a). Appellant also levies various accusations of wrongdoing against Appellee without any supporting citations to the record. ***See*** Pa.R.A.P. 2119(c), (d).

Given the extensive defects in Appellant's brief, and the difficulty in gleaning distinct issues for review, we can only attempt to summarize the claims Appellant ostensibly raises in her argument section. Appellant's

arguments primarily concern the underlying summary judgment. Appellant argues that Mr. Mosher's residence was conveyed to her subject to the mortgage, following the initiation of divorce proceedings. Appellant contends she attempted to rescind the mortgage following this transfer, pursuant to the Truth in Lending Act ("TILA").[2] Appellant asserts her rescission was timely because the time limit for rescinding a mortgage under TILA did not begin to run until she had actual notice of her right to rescind. Appellant claims Appellee's foreclosure action violated TILA, and entitled her to dismissal of Appellee's complaint and an award of punitive damages. Appellant also argues the court erred when it failed to hold a hearing on Appellee's motion for summary judgment. Appellant further contends the May 7, 2014 order, which granted Appellee's motion to reassess damages, was improperly served on Appellant's former counsel rather than Appellant. Appellant concludes this Court should vacate all judgments against Appellant in this matter, quiet title in the foreclosed property in Appellant's favor, and award Appellant punitive damages. We cannot agree.

As an additional prefatory matter, Pennsylvania Rule of Appellate Procedure 903(a) provides:

**Rule 903.  Time for Appeal**

> **(a)   General rule.**  Except as otherwise prescribed by this rule, the notice of appeal required by Rule

---

[2] 15 U.S.C.A. §§ 1601-1667f.

902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a). "Where a party fails to appeal a final order, it operates as *res judicata* on the issues decided." ***Morgan Guar. Trust Co. of New York v. Mowl***, 705 A.2d 923, 928 (Pa.Super. 1998), *appeal denied*, 556 Pa. 693, 727 A.2d 1211 (1998). Further, any issue not included in an appellant's Rule 1925(b) statement is waived for purposes of appellate review. ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa.Super. 2011), *appeal denied*, 615 Pa. 768, 40 A.3d 1237 (2012).

Instantly, with the exception of her claim regarding improper service, Appellant's issues on appeal effectively challenge the court's order of October 22, 2013, which entered summary judgment in favor of Appellee on the underlying mortgage foreclosure. Appellant, however, failed to file a timely appeal from the summary judgment, which was final and appealable because it disposed of all claims and parties. ***See*** Pa.R.A.P. 341(b), 903(a). Moreover, Appellant's notice of appeal expressly references only the order of May 7, 2014, which reassessed the damages in the foreclosure action. Appellant's current appeal encompasses only that order. Therefore, the summary judgment is not properly before us; and Appellant's failure to appeal that judgment precludes her current challenges to it. ***See id.***; ***Morgan Guar. Trust Co. of New York, supra***.

With respect to Appellant's remaining issue regarding allegedly improper service of the court's order of May 7, 2014, which is the subject of this appeal, Appellant failed to raise this issue in her Rule 1925(b) statement. Thus, Appellant's contention that she was not properly served is waived. **See Madrid, supra**. Moreover, Appellant fails to explain how she was prejudiced by the allegedly improper service, as she timely filed a notice of appeal from the order in question. **See** Pa.R.C.P. 126 (stating court may disregard any procedural error or defect which does not affect substantial rights of parties). Based on the foregoing, we affirm.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2015

---

[3] Due to our disposition, we deny as moot Appellee's "renewed" motion to quash based on waiver. **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating when appellant has waived issues on appeal, reviewing court should affirm decision of trial court rather than quash appeal).