J-A20042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEPHANIE HESTER ALLEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JUAN L. POGGIO, M.D. AND DAVID E. STEIN, M.D. | |
| Appellee | No. 271 EDA 2015 |

Appeal from the Order Entered on December 22, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: April Term, 2014 No. 1401

BEFORE:  DONOHUE, J., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 14, 2015**

Stephanie Hester Allen appeals, *pro se*, the December 22, 2014 order denying her petition to open judgment of non pros.  We affirm.

The trial court recited the procedural and factual history of this case as follows.

> [Allen] commenced this medical negligence lawsuit following her hemorrhoid removal procedure claiming that it caused her to suffer from a foul odor emanating from the site of her surgery and fecal incontinence.  [Allen] claims that Defendant Juan L. Poggio, M.D. negligently performed her surgery and Defendant David E. Stein, M.D. failed to provide adequate care after her surgery was completed.  When [Allen] failed to file a [certification of merit ("COM")] as required, [the trial court] granted her a sixty-day extension.  [Allen] submitted a COM consisting of a letter from Dr. Lily Arya, which stated in full:
>
> > "Ms. Stephanie Hester[]Allen presented to my office as a new patient on 08/07/2014.  Ms. Hester[]Allen has a diagnosis of fecal incontinence.  Patient states onset occurred following removal of hemorrhoids in 2012.

> Patient does currently have evidence of anal sphincter damage."
>
> Absent from this COM was any statement that any of the doctors deviated from professional standards of care in their treatment, or that the doctor's care caused [Allen's] injuries.
>
> Defendant's Poggio and Stein submitted a motion to strike the certificate claiming [Allen's] COM failed to identify any deviations from the professional standard of care, or causation. For the first time in [Allen's] Opposition to Defendant's Motion to Strike the Certificate of Merit, [Allen] argued her COM only applied to Defendant Poggio, and that her claims against Defendant Stein sounded in fraud, not negligence. In reply, Defendants argued that [Allen's] complaint never alleged that Defendant Stein had engaged in fraudulent activity. [Allen's] complaint alleges solely medical negligence against Defendant Poggio and Stein.
>
> In response to these motions, the [trial court] struck [Allen's] COM on November 4, 2014. Judgment of non pros was entered against [Allen] for failure to file a valid COM. On November 17, 2014, [Allen] file a Petition to Strike Non Pros. In support of her Petition, [Allen] cited a number of procedural rules relating to the COM requirements, and incorrectly relied upon Rule 1042.8 to support her contention that [the trial court] was required to grant her twenty days to cure the defects in her COM. [Allen] also asserted that a COM was not required for Defendant Stein "under the law of fraud." On December 22, 2014, [the trial court] denied [Allen's] Petition to Open Judgment of Non Pros. This appeal followed.

Trial Court Opinion ("T.C.O.") at 1-3 (some capitalization modified; internal citations omitted).

By order dated January 28, 2015, the trial court directed that Allen file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Unfortunately, Allen failed to file a concise statement.

In order to preserve issues for appellate review, the issues must be raised by the appellant in a concise statement of matters complained of on

appeal, when ordered to do so by the trial court. Any issues not raised in such statement are deemed waived, whether or not the lower court actually addresses the issues in an opinion. ***In re Estate of Daubert***, 757 A.2d 962, 963 (Pa. Super. 2000). In ***Commonwealth v. Hill***, 16 A.3d 484 (Pa. 2011), our Supreme Court summarized and reiterated the consequences of failing to file a timely concise statement:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998), that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

***Id.*** at 494 (citation modified).

Although Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges that they face when conforming to practices with which attorneys are far more familiar, *pro se* litigants nonetheless must

comply substantially with our rules of procedure. ***See Laird v. Bernard***, 528 A.2d 1379, 1380 (Pa. Super. 1987).

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (some citations omitted).

Instantly, the trial court issued an order on January 28, 2015 directing Allen to file a Rule 1925(b) statement within twenty-one days (i.e., on or before February 18, 2015). Nevertheless, Allen did not file a Rule 1925(b) statement. As a result, we are constrained to conclude that Allen has waived all issues on appeal due to her failure to file a concise statement of errors complained of on appeal. ***See Hill***, 16 A.3d at 494.

Order Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2015