COMMONWEALTH of Pennsylvania, Appellee

v.

**Daniel L. SPUCK, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 2013.

Filed Feb. 10, 2014.

Reconsideration Denied March 26, 2014.

Reargument Denied Apr. 16, 2014.

---

Daniel L. Spuck, appellant, pro se.

Trudy G. Lumadue, Assistant District Attorney, Clearfield, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and WECHT, J.

OPINION BY WECHT, J.

Daniel L. Spuck, tireless gadfly in the state and federal courts of this Commonwealth,[1] seeks to appeal the PCRA court's June 15, 2012 order dismissing his serial petition under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.* We quash Mr. Spuck's appeal due to his flagrant failure to file a brief that conforms to the Pennsylvania Rules of Appellate procedure.

In one of our prior decisions, among well over a dozen cases initiated by Mr. Spuck to come before this Court,[2] we provided

---

1. Most recently (as of this writing, anyway), Mr. Spuck filed suit against the National Football League and others in the United States District Court for the Western District of Pennsylvania. *See Spuck v. N.F.L.*, 2:14–cv–0005 MPK, Petition/Motion for a Temporary Emergency Injunction on the National Football League, Inc., Playoffs of 2013 (W.D.Pa. 2014). Therein, Mr. Spuck seeks to prevent the playoffs from proceeding, on the basis that the Pittsburgh Steelers improperly were excluded "[b]ecause the defendants through their employees (game official and instant replay booth) were negligent and fraudulent" in failing to call a penalty for an illegal alignment by the San Diego Chargers against the Kansas City Chiefs during a failed field goal attempt that, had it been successful, would have won the game for the Chiefs. *Id.* Instead, the game went into overtime, and the Chargers prevailed. The Steelers would have been the sixth playoff seed for the American Football Conference had Kansas City made that kick and won the game.

While one or more members of this panel may share Mr. Spuck's disappointment (we would rather not say), our sympathies lie with our brethren who are charged with "calling balls and strikes" (literally and figuratively, to borrow the venerable Chief Justice John Roberts' celebrated metaphor), rather than with those who cast aspersions from the peanut gallery (where, of course, no one ever makes mistakes).

2. Typically, we would cite a PCRA petitioner's prior cases in this footnote or one just like it. However, we could not provide an accurate list without a greater degree of research than

the following synopsis of the facts underlying Mr. Spuck's convictions and the procedural history immediately following those convictions:

> On March 22, 1996, a jury found [Mr. Spuck] guilty of third degree murder, two counts of recklessly endangering another person, aggravated assault, and simple assault in connection with the stabbing death of Michael Allen Cramer in DuBois[, Pennsylvania,] on February 23, 1995. [Mr. Spuck] also stabbed his ex-wife during the attack. Judgment of sentence was imposed on April 19, 1996, with [Mr. Spuck] receiving an aggregate term of 11 to 22 years' imprisonment. This court affirmed the judgment of sentence on February 27, 1998, and our [S]upreme [C]ourt denied appeal on October 1, 1998. *Commonwealth v. Spuck,* 714 A.2d 1089 (Pa.Super.1998) (unpublished memorandum), *appeal denied,* [556 Pa. 708], 729 A.2d 1128 (Pa.1998).

*Commonwealth ex rel. Spuck v. Stowitsky,* 1120 WDA 2007, Slip. Op. at 1–2, 945 A.2d 773 (Pa.Super.2007) (unpublished)(citation modified).

Mr. Spuck's brief is very nearly a page-for-page copy of the brief he filed in one of his more recent appearances before this Court. *See* Brief filed in *Commonwealth v. Spuck,* 793, 912, and 1129 WDA 2012, 714 A.2d 1089 (Pa.Super. Jan. 18, 2013) (unpublished).[3] At over eighty pages in length, and for various other reasons, Mr. Spuck's brief violates our Appellate Rules of Procedure in both their present state and in the form they took before recent amendments to the rules that took effect in May 2013. *See* former Pa.R.A.P. 2135 (limiting primary briefs to seventy pages in length). However, for the reasons set forth below, we find that Mr. Spuck's brief also fatally violates the amended rules that took effect before Mr. Spuck filed the instant brief.

We take this opportunity to review recent changes to our Rules of Appellate Procedure that have not yet been addressed in a precedential opinion by any Pennsylvania court, and indeed have been mentioned in an appellate opinion only once relative to their amended provisions. *See Commonwealth v. Roney,* 79 A.3d 595, 645–46 (Pa.Super.2013) (Castille, C.J., concurring). In particular, we direct Mr. Spuck's attention to revised Pa.R.A.P. 2135, which was amended on March 27, 2013, and took effect sixty days later, approximately ninety days before Mr. Spuck filed his brief in this case on August 23, 2013.[4]

---

is warranted, and we question the benefit of doing so, inasmuch as the existence of any number of pending actions at a given moment has proven not to effect Mr. Spuck's persistent peppering of every court in western Pennsylvania with frivolous filings. Thus, we decline to compile such a list.

3. We recently resolved yet another appeal by Mr. Spuck. *See Spuck v. Does,* 1292 WDA 2012, 87 A.3d 392 (Pa.Super. Sept. 25, 2013) (addressing Mr. Spuck's claims against the Pennsylvania Department of Corrections).

4. We acknowledge that a question may inhere regarding whether the amendments in question should apply to cases that were pending before this Court at the time the rule took effect but briefing had yet to commence. In

*Joseph Palermo Dev. Corp. v. Bowers,* 388 Pa.Super. 49, 564 A.2d 996 (1989), we held that, where no injustice would result from applying an amended rule of civil procedure to a case pending appeal when the rule took effect, it was appropriate to apply that rule to the pending case. However, in so doing, we relied in part on specific language in the rule expressly providing for the rule's discretionary application to a pending case where justice would not be disserved. *Id.* at 998. Here, we have no such indication on the face of the rule. We need not decide the matter in this case, however, because, as noted *infra,* even if amended Rule 2135 should not apply to this case, Mr. Spuck's various other instances of procedural non-compliance—including his putative non-compliance with the

■ In *Roney,* Chief Justice Castille briefly reviewed the nature of the principal change to Rule 2135:

> Tracking aspects of the federal rules of appellate procedure, the revisions set forth restrictions on the font size used in briefs and changed the method by which to measure the length of briefs. *See* Pa.R.A.P. 124 & 2135. A principal brief, for example, is now limited to 14,000 words, unless the brief does not exceed thirty pages. The revised rules also require that counsel file a certificate of compliance if, for example, a principal brief exceeds thirty pages and is measured by use of the word count alternative. *Id.*

79 A.3d at 646 (citations modified). The certification requirement is not limited to counsel: *Pro se* litigants, too, are obliged to provide a certification for a primary brief that exceeds thirty pages. *See* Pa. R.A.P. 2135(d) ("[T]he attorney **or the unrepresented filing party** shall include a certification that the brief complies with the word count limits." (emphasis added)). Our rules also identify certain required sections of the brief that will not count for purposes of the applicable word count.

Specifically, the cover of the brief, as well as the pages containing the table of contents, table of citations, proof of service, and addenda including lower-court opinions and other supplementary materials provided for by the appellate rules are not to be counted against the applicable word limit. Pa.R.A.P. 2135(b).

Excluding those sections, Mr. Spuck's brief measures approximately 84 pages, nineteen pages longer than the former Rule 2135 allowed.[5] Moreover, in violation of Pa.R.A.P. 124(a)(3), Mr. Spuck's brief contains some pages that are single-spaced.[6] Although we have opted not to count every word contained in Mr. Spuck's brief (for reasons that are self-evident), based upon a conservative estimate of 250 words per page,[7] and factoring in the significant number of single-spaced pages in the brief, we are confident that Mr. Spuck's brief substantially exceeds 21,000 words, half again the number of words he is permitted by Rule 2135(a)(1).[8,9]

■ Rule 2101 underscores the seriousness with which we take deviations from our rules of procedure.

---

former Rule 2135—warrant quashing his appeal in any event.

5. This is worth noting because the brief before us, with the exception of one divergent page, is an actual **photocopy** of the brief filed by Mr. Spuck in this Court for his appeal docketed at 793 WDA 2012, which was resolved in a judgment order dated January 18, 2013. That is to say, although this brief when filed in that matter was not subject to a 14,-000–word limit, it was subject to a seventy-page limit, and therefore was just as dilatory relative to the then-applicable standard as it is relative to the currently applicable one.

6. Rule 124(a)(4) also requires that briefs be set in type no smaller than fourteen-point. We take note of the fact that many inmates in state prison may have access only to a typewriter, most or all of which cannot produce fourteen-point type. Thus, it would be unfair to apply Rule 124(a)(4) against prison litigants who submit typed rather than word-processed briefs, and we decline to do so now.

7. We have counted one full double-spaced page at approximately 290 words.

8. Somewhat surprisingly, Mr. Spuck's reply brief, at approximately 2,000 words exclusive of attachments, is fully compliant with Rule 2135(a)(3), which affords litigants up to 7,000 words in a reply brief.

9. On a related note, we have before us Mr. Spuck's Motion to Supplement/Amend his primary and reply briefs. It will come as no surprise that this motion is hereby denied. Mr. Spuck already has said enough.

Briefs ... shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief ... of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101; *see Commonwealth v. Atwood,* 378 Pa.Super. 21, 547 A.2d 1257 (1988) (dismissing appeal for over-long statement of the case and omission of summary of argument). Although Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar, *see Means v. Housing Auth. of the City of Pittsburgh,* 747 A.2d 1286, 1289 (Pa.Cmwlth.2000) (noting that Commonwealth Court "is generally inclined to construe pro se filings liberally"), Pennsylvania appellate courts nonetheless long have recognized that we must demand that pro se litigants comply substantially with our rules of procedure. *See Laird v. Bernard,* 365 Pa.Super. 95, 528 A.2d 1379 (1987). We also have held time and again that "[t]his Court will not act as counsel" for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.,* 932 A.2d 78, 93 (Pa.Super.2007).

Rule 2135 is not the only appellate rule that Mr. Spuck has violated. Rule 2111 sets forth those sections that must be included in a primary brief before this Court. First, an appellant must provide a statement of this Court's jurisdiction to hear the appeal. *See* Pa.R.A.P. 2114. Mr. Spuck has not included such a statement.

This deficiency is especially important in this case because there are numerous reasons to question this Court's jurisdiction over the instant appeal. In particular, Mr. Spuck's underlying PCRA petition in this case is facially untimely under the PCRA, *see* 42 Pa.C.S. § 9545(b)(1) (limiting the time for filing a PCRA petition to one year after the underlying judgment of sentence became final), and he has not convincingly pleaded or proved that he qualifies for any of the exceptions provided by 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Furthermore, it is debatable how many, if any, of Mr. Spuck's seventeen stated issues would be cognizable under the PCRA either generally, *see* 42 Pa.C.S. § 9543 (specifying the limited categories of claims that may be brought under the PCRA), or under the particular circumstance of this case, given the PCRA's exclusion of prayers for relief based upon issues that the petitioner has raised or could have raised "at trial, during unitary review, on appeal, or in a prior state postconviction proceeding." *See* 42 Pa.C.S. § 9544.[10]

As well, Mr. Spuck has failed substantially to satisfy Rule 2116(a), which provides that "[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Mr. Spuck's Rule 2116 statement of the questions clocks in at seventeen issues that are anything but concisely stated. To the contrary, those seventeen issues span four and one half pages, a page and a half of which are set single-space. Two of the double-spaced issues span nearly a

---

**10.** Although we would not claim to have reviewed in connection with this appeal every single claim Spuck has made under the PCRA since his direct appeal was denied and his judgment of sentence finalized, we find it difficult to imagine that he raises any novel claims in the instant appeal. Moreover, as set forth below, whether he has, in fact, set forth a novel claim is immaterial, given the basis for our determination that the instant appeal must be quashed.

full page each and are rife with the "unnecessary detail" Rule 2116 warns against.

Rule 2117, which sets forth the requirements for an appellant's statement of the case, also has been violated in this case. Rule 2117 provides, in relevant part:

(a) **General rule.** The statement of the case shall contain, in the following order:

(1) A statement of the form of action, followed by a brief procedural history of the case.

(2) A brief statement of any prior determination of any court or other government unit in the same case ..., and a reference to the place where it is reported, if any.

\* \* \*

(b) **All argument to be excluded.** The statement of the case shall not contain any argument. It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties.

(c) **Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify:

(1) The state of the proceedings in the court of first instance, and in any appellate court below, at which, and the manner in which, the questions sought to be reviewed were raised.

(2) The method of raising them....

(3) The way in which they were passed upon by the court.

(4) Such pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears ... as will show that the question was timely and properly raised below so as to preserve the question on appeal.

Pa.R.A.P. 2117. Mr. Spuck has, to various degrees, violated every one of the above-quoted subsections of this rule. Although we grant that Mr. Spuck's procedural history of the case is about as brief as it could be, given the dozens of filings he has made and rulings he has received since his conviction, he has omitted to provide citations to where prior decisions may be found; he has laced his statement with argument and aspersions cast upon basically all prior courts and all prior counsel in violation of Rule 2117(b); and he has provided virtually no citations that establish proper preservation in the trial or PCRA courts of the issues that he presents to us in the instant case.

Finally, Mr. Spuck's summary of the argument does not conform to the requirements of Rule 2118. At only six pages, it is admirably concise relative to the sixty pages of argument. However, it does not provide "a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. Rather, in his putative summary, Mr. Spuck simply provides another self-serving account of the procedural history, laced with unsubstantiated criticisms of the various judges and appellate panels who have addressed his many frivolous and/or redundant filings in the past, as well as vague allegations of the ineffectiveness of unspecified prior counsel. There is no resemblance, in organization or substance, between his "summary" of the argument and the argument itself. This violation is especially troubling inasmuch as his argument section is so lengthy. It is precisely in such a case that a rule-compliant summary of the argument is essential to facilitate expeditious review of the case at hand.

Mr. Spuck appears to proceed from the premise that, if he repeats the same questions frequently enough, he might catch a panel of this Court napping, as it were, and receive more satisfying answers than we have given him in the past. Throughout his brief, Mr. Spuck contends that this Court and others have not provided due attention to the many issues that he has raised again and again. Surely he appreciates that he is not the only litigant who justifies this Court's existence (although his filings alone could provide steady work for a judge or two), but rather one of thousands, all of whose rights of access to this Court weigh equally importantly, and all of whose issues are of equal importance to them and to us. Most of those litigants are kind enough to comply substantially with our rules.

On this occasion it is not the fact that the issues Mr. Spuck raises have been or could have been litigated long ago that we rely upon in denying relief. Indeed, faced with precisely the same issues in his last appearance before this Court, although we denied relief due to jurisdictional concerns that no longer appear to apply, we noted that Mr. Spuck offered no issues that were novel in his case, nor any basis to overlook the patent untimeliness of his underlying petition and the absence of an applicable exception to the PCRA's jurisdictional time limits. But this time around, we quash Mr. Spuck's appeal solely upon the basis that he has failed utterly to file a brief in this Court that complies with the requirements set forth in our appellate rules.

In disposing of this case, we find our decision in *Laird* instructive:

Lest we be painted as a Court which vents its procedural frustration and flexes its remedial muscles against only *pro se* appellants, ... we wish to dispel this notion by pointing to the exercise of our authority in those cases where we perceive our ability to accurately, incisively and judiciously scrutinize the record is "substantially" hampered, rather than enhanced by the methodology in which an appellant's case is presented for our inquiry. *See, e.g., Commonwealth v. Drew,* 353 Pa.Super. 632, 510 A.2d 1244 (1986); *Commonwealth v. Stoppie,* 337 Pa.Super. 235, 486 A.2d 994 (1985); *Commonwealth v. Jones,* 329 Pa.Super. 20, 477 A.2d 882 (1984); *Commonwealth v. Taylor,* 306 Pa.Super. 1, 451 A.2d 1360 (1982).

A collection of reproduced documents, assembled in a fashion not consistent with our procedural requirements in securing appellate review "does not an appellate brief make," nor can this be ignored [while we] in the same breath require all other litigants to subscribe to the nuances of appellate practice/pleading without exposing [this Court] to hypocrisy in policy application and policing appellate briefs on an *ad hoc* basis.

\* \* \*

[W]e state for all those who may come henceforth in the garb of "in forma pauperis" or *pro se,* justice will not be skewed for such litigants, but, on the contrary, will be meted out even-handedly to those who exhibit at least a modicum of effort in following the prescribed rules of conduct in appellate practice.

This is not the case here, and we can decipher no rule of conscience or law which advises in favor of addressing the merits of the appellant's appeal in the face of the procedural shortcomings pervading his brief to us.

*Laird,* 528 A.2d at 1380 (typographical changes made for clarity and consistency).

█ As in *Laird,* we find all of Mr. Spuck's issues waived in light of the con-

siderable degree to which Mr. Spuck has abused his undisputed right of access to the courts. We urge Mr. Spuck against continuing to raise the same issues over and over in this Court, not least because all state courts (save our Supreme Court) are precluded by the law of the case doctrine from granting relief on claims that this Court already has decided. *See Commonwealth v. Viglione*, 842 A.2d 454, 461–62 (Pa.Super.2004) (preventing the trial court and subsequent panels of this Court from "alter[ing] the resolution of a legal question previously decided" by this Court and our Supreme Court). It is a waste of Mr. Spuck's and this Court's time to continue in this fashion.[11]

Appeal quashed.

OTT, J. concurs in the result.

---

11. We note that, unless he is subject to other sentences of which this Court is unaware, Mr. Spuck's sentence will "max out" sometime in the next five years or so. Thus, in the indelible words rendered by Colonel Kilgore in *Apocalypse Now*, "Someday this war's gonna end." *But see* George Santayana, Soliloquies in England and Later Soliloquies (no. 25 1922) ("Only the dead have seen the end of war.").