J-S28020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY DALE VAUGHN, | |
| Appellant | No. 1634 MDA 2014 |

Appeal from the PCRA Order entered August 28, 2014,
in the Court of Common Pleas of Adams County,
Criminal Division, at No(s): CP-01-CR-0001039-2001

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED MAY 14, 2015**

Harvey Dale Vaughn appeals *pro se* from the order denying his petition for post-conviction DNA testing pursuant to Section 9543.1 of the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.

On January 28, 2003, a jury convicted Appellant of committing multiple sexual offenses against his twelve-year-old daughter.  On October 8, 2013, the trial court sentenced Appellant to an aggregate term of 12½ to 25 years of imprisonment.  Following the denial of his post-sentence motion, Appellant filed a timely appeal to this Court.  In an unpublished memorandum filed on April 3, 2006, we affirmed Appellant's judgment of sentence.  ***Commonwealth v. Vaughn***, 902 A.2d 983 (Pa. Super. 2006).  Appellant did not file a petition for allowance of appeal to our Supreme Court.

On May 4, 2007, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on October 5, 2007. On October 22, 2007, the PCRA court held an evidentiary hearing. By order entered January 15, 2008, the PCRA court granted Appellant's amended PCRA petition with regard to a sentencing issue, but otherwise denied post-conviction relief. Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on November 18, 2008, we affirmed the PCRA court's denial of relief, agreeing that Appellant's ineffective assistance of counsel claim was without merit. ***Commonwealth v. Vaughn***, 964 A.2d 950 (Pa. Super. 2008). On May 13, 2009, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Vaughn***, 971 A.2d 493 (Pa. 2009).

On May 21, 2014, Appellant filed a *pro se* petition for DNA testing. On August 22, 2014, the PCRA court held a pre-hearing conference in which Appellant participated by video. At that time, Appellant stated that he wanted DNA testing of his clothing, the victim's clothing, bed sheets, and the rape kit. The PCRA court acknowledged that clothing taken from Appellant on the date of his arrest was destroyed in 2012, and the Commonwealth proffered that a rape kit was not used in its investigation. After considering the statutory requirements relative to DNA testing under the PCRA, the PCRA court, by order entered August 28, 2014, denied relief. This timely *pro se* appeal followed. Both Appellant and the PCRA court have substantially complied with Pa.R.A.P. 1925.

The Pennsylvania Rules of Appellate Procedure provide the following with regard to the content of an appellant's brief:

**Rule 2111. Brief of Appellant**

**(a)  General rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order.

  (1)  Statement of Jurisdiction.

  (2)  Order or other determination in question.

  (3)  Statement of both the scope of review and the standard of review.

  (4)  Statement of the questions involved.

  (5)  Statement of the case.

  (6)  Summary of argument.

  (7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

  (8)  Argument for appellant.

  (9)  A short conclusion stating the precise relief sought.

  (10) The opinions and pleadings specified in (b) and (c) of this rule.

  (11) In Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

**(b)  Opinions below.**—There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if

pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

Pa.R.A.P. 2111 (a), (b).

We note that "[w]hile this Court is willing to liberally construe materials filed by *pro se* litigants, . . . Appellant is not entitled to any particular advantage because [he] lacks legal understanding." *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996).

Here, our review of Appellant's *pro se* brief reveals his failure to conform to all of the Pa.R.A.P. 2111 briefing requirements. Indeed, Appellant's five-page handwritten brief consists largely of unintelligible and nonsensical discussion of federal case law. We are thus hampered from effective appellate review, and dismiss Appellant's appeal pursuant to Pa.R.A.P. 2101 (if the defects are in the brief … of the appellant and are substantial, the appeal … may be quashed or dismissed). *See Rivera*, 685 A.2d at 1103 (explaining that when issues are not properly raised and developed in briefs, and the briefs are wholly inadequate to present specific issues for review, this Court will not consider their merits); *see also Commonwealth v. Spuck*, 86 A.3d 870 (Pa. Super. 2014).

Appeal dismissed. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/2015