J-S42024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MIGUEL A. MARTINEZ | |
| Appellant | No. 208 EDA 2015 |

Appeal from the PCRA Order December 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1002093-1988

BEFORE: SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 21, 2015**

Appellant, Miguel A. Martinez, appeals from the December 23, 2014 order, dismissing as untimely his fourth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On April 17, 1990, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole for first-degree murder[1] and other offenses, committed when Appellant was 15 years old. This Court affirmed Appellant's judgment of sentence on March 11, 1993, and our Supreme Court denied his petition for allowance of appeal on February 11,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

1994. *Commonwealth v. Martinez*, 628 A.2d 453 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 641 A.2d 309 (Pa. 1994). As a result, his judgment of sentence became final on May 12, 1994, when the filing period for a petition for a writ of *certiorari* with the United States Supreme Court expired. **See generally** 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1).

Thereafter, Appellant filed his first PCRA petition on February 7, 1995, which was dismissed. This Court affirmed that order on March 11, 1997, and our Supreme Court denied Appellant's petition for allowance of appeal on July 29, 1997. **Commonwealth v. Martinez**, 695 A.2d 438 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 699 A.2d 734 (Pa. 1997). Appellant filed his second PCRA petition on August 22, 2002, which the PCRA court dismissed, and this Court affirmed that order on October 23, 2003. **Commonwealth v. Martinez**, 839 A.2d 1157 (Pa. Super. 2003) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. Appellant filed his third PCRA petition on May 28, 2010, which the PCRA court dismissed. Appellant did not file an appeal from that order.

On July 5, 2012, Appellant filed, *pro se*, a patently untimely fourth PCRA petition that is the subject of this appeal.[2]   **See** 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the date the judgment becomes final).  After a series of amended petitions, the PCRA court issued a notice to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on November 12, 2014.  Appellant filed a timely response on November 19, 2014.  On December 23, 2014, the PCRA court dismissed Appellant's PCRA petition as untimely.  Appellant timely filed, *pro se*, a notice of appeal on January 5, 2015.[3]

Here, the PCRA court lacked jurisdiction to consider the merits of Appellant's untimely PCRA petition unless one "of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), [apply]."  **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).  In an attempt to plead one

---

[2] We treat July 5, 2012 as the filing date under the prisoner mailbox rule, as the certified record contains the postmark from the envelope in which the petition was mailed.  **See generally Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  The PCRA court issued its Rule 1925(a) opinion on January 22, 2015.

of the time-bar exceptions, Appellant argues that the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), applies retroactively to his case. Appellant's Brief at 3.[4] Even if we were to construe this issue as arguing that a time-bar exception applies, our Supreme Court has rejected this retroactivity argument.[5] *See generally* 42 Pa.C.S.A. § 9545(b)(1)(iii); *Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, *Cunningham v. Pennsylvania*, 134 S. Ct. 2724 (2014).[6] Further, to the extent Appellant argues that this Court should

_____

[4] Appellant's brief does not contain pagination. For ease of review, we have assigned each page a corresponding page number. Further, Appellant's brief does not comply with the Pennsylvania Rules of Appellate Procedure. Specifically, it is not formatted in accordance with Rule 2111, nor does it contain certain sections required, such as the order in question, a statement of the scope and standard of review, a statement of questions involved, a statement of the case, a summary of argument, and a copy of the Rule 1925(b) statement or an averment that such a statement was not requested. *See generally* Pa.R.A.P. 2111, 2115-2118. This Court demands that *pro se* litigants substantially comply with our Rules of Appellate Procedure. *Commonwealth v. Spuck*, 86 A.3d 870, 874 (Pa. Super. 2014), *appeal denied*, 109 A.3d 679 (Pa. 2015). Nonetheless, we decline to find waiver, and we address the issues in Appellant's brief that we were able to discern.

[5] On March 23, 2015, the Supreme Court granted *certiorari* in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015), which presents the *Miller* retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, *Cunningham* remains dispositive of the issue in Pennsylvania.

[6] Appellant argues that we should revisit our Supreme Court's decision in *Cunningham*, but this Court, as an intermediate appellate court, lacks the judicial power to review our Supreme Court's decisions. *See, e.g.*, *Walnut*
*(Footnote Continued Next Page)*

give broader retroactive effect to **Miller** under **Danforth v. Minnesota**, 552 U.S. 264 (2008), and that **Miller** violates equal protection, this Court lacks the judicial power to decide those questions for the purposes of the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively[]") (emphasis added); **Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014) (explaining substantive claims cannot overcome Section 9545(b)(1)(iii) and **Cunningham**), *appeal denied*, 101 A.3d 103 (Pa. 2014). As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's claims.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's fourth PCRA petition as untimely. Accordingly, the PCRA court's December 23, 2014 order is affirmed.

Order affirmed.

*(Footnote Continued)* —————————

**St. Assocs., Inc. v. Brokerage Concepts, Inc.**, 20 A.3d 468, 480 (Pa. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2015