J-S66031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| DANIEL LUKE SPUCK, | : | |
| Appellant | : | Nos. 692 WDA 2015 |

Appeal from the PCRA Order Entered April 8, 2015
in the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000396-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| DANIEL LUKE SPUCK, | : | |
| Appellant | : | Nos. 693 WDA 2015 |

Appeal from the PCRA Order Entered March 25, 2015
in the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000396-1995

BEFORE:  OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 14, 2015**

In these consolidated appeals, Daniel L. Spuck (Appellant) challenges *pro se* the orders of March 25, 2015 and April 8, 2015, which denied three petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

In 1996, Appellant was convicted of various crimes, including third-degree murder, following the stabbing death of Michael Allen Cramer and Appellant's ex-wife. This Court affirmed Appellant's resulting judgment of sentence on February 27, 1998, and our Supreme Court denied allowance of appeal on October 1, 1998. *Commonwealth v. Spuck*, 714 A.2d 1089 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 729 A.2d 1128 (Pa. 1998).

Since 1998, Appellant has sought collateral review on umpteen occasions.[1] Of importance to the disposition of the instant appeal, Appellant filed a PCRA petition on April 14, 2014, which was dismissed by order of April 30, 2014. This Court affirmed the dismissal by memorandum filed January 12, 2015, and Appellant filed a motion for reargument which this Court denied by order of March 11, 2015. *Commonwealth v. Spuck*, 118 A.3d 443 (Pa. Super. 2015), *reargument denied*, (Pa. Super. Mar. 11, 2015). On April 10, 2015, Appellant filed a petition for allowance of appeal to our

---

[1] As this Court noted in one of Appellant's prior appeals:

> Typically, we would cite a PCRA petitioner's prior cases in this footnote or one just like it. However, we could not provide an accurate list without a greater degree of research than is warranted, and we question the benefit of doing so, inasmuch as the existence of any number of pending actions at a given moment has proven not to [a]ffect [Appellant's] persistent peppering of every court in western Pennsylvania with frivolous filings. Thus, we decline to compile such a list.

*Commonwealth v. Spuck*, 86 A.3d 870, 871 n.2 (Pa. Super. 2014), *appeal denied*, 99 A.3d 77 (Pa. 2014).

Supreme Court, which was denied by order of October 15, 2015. *Commonwealth v. Spuck*, 122 A.3d 1029 (Pa. 2015).

"[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). *See also Commonwealth v. Ali*, 10 A.3d 282, 320 (Pa. 2010) (citing *Lark* for the proposition that "as matter of jurisdiction, [a] PCRA court cannot entertain new PCRA claims or [a] new PCRA petition when [a] prior petition is still under review on appeal").

Appellant filed the PCRA petitions that are the subject of the instant appeal on February 2, 2015 and April 8, 2015,[2] while his April 14, 2014 PCRA petition remained pending on appeal. Under *Lark*, the filings were impermissible. Accordingly, the PCRA court did not err in dismissing them.[3]

Orders affirmed.

---

[2] Appellant's April 8, 2015 filings are styled as a motion for contempt and a motion for DNA testing. Because the issues raised in both, which also are raised in the February 2, 2015 petition, may be addressed under the PCRA, the PCRA court properly treated both as PCRA petitions. *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A]ny motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition.").

[3] Noting that Appellant has filed five more appeals since the instant appeal was filed, we reiterate to Appellant that "[i]t is a waste of [his] and this Court's time to continue in this fashion." *Spuck*, 86 A.3d at 877.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015