J-S44029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANNE J. FAKE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON L. FAKE | |
| Appellant | No. 2192 EDA 2015 |

Appeal from the Order Entered June 23, 2015
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No: 04-07331 PACSES# 103107473

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 01, 2016**

Appellant, Brandon L. Fake ("Father"), appeals *pro se* from the order entered on June 23, 2015 in the Court of Common Pleas of Philadelphia County, denying his exceptions to a Master's report and making the Master's proposed order a final order.  The order also denied exceptions filed by Appellee, Dianne J. Fake ("Mother"), who has not filed an appeal from the trial court's order.  Following the reasons stated herein, we affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained that the parties were subject to a September 2010 support order with an effective date of July 1, 2009.  The order covered child support as well as adjustments for health insurance premiums, child care expenses, and additional expenses.  Trial Court Rule 1925(a) Opinion, 9/29/15, at 1-3 (unnumbered).

From May 2012 until August 2013, Father lived in the same residence where Mother lived with children. From January 1, 2012 until June 30, 2013, the children were covered through a State health insurance program at no cost to Mother. Also, during the time Father resided with Mother and the children, the children did not attend after-school care. *Id.*

In October 2013, father suffered a work-related injury and received worker's compensation benefits. He filed a petition seeking modification of support in November 2013, followed by a petition for recovery of overpayment in March 2014. The matters were consolidated and a series of Master's hearings was held in March, April and May 2014. On December 1, 2014, the Master filed a report and proposed order with the court. Father and Mother both filed exceptions. *Id.*

The trial court conducted a hearing on the exceptions on June 23, 2015, permitting both parties to participate by telephone because Father had moved to Colorado and Mother was working. The trial court explained the hearing procedure to the parties and advised them of their obligation to refer to exact page numbers from the three Master's hearing transcripts in the event they wanted testimony to be considered. *Id.*

The trial court first considered Mother's exceptions and denied them. Mother has not appealed the trial court's ruling. The trial court then addressed the six exceptions raised by Father. In the course of Father's testimony, the trial court on multiple occasions asked Father to provide

references to the hearing transcripts for testimony relied on in support of his exceptions. After several refusals to do so and admonitions by the trial court that it was Father's responsibility—not the trial court's—to do so, Father offered nothing more than "Pages 1-277."[1] Father also refused to address certain of his exceptions and did not present any evidence of any error of fact or law made by the Master. *Id.*

At the conclusion of the proceedings, the trial court denied Father's exceptions. Father filed a motion for reconsideration as well as this timely appeal. The trial court denied the motion for reconsideration and directed Father to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On September 8, 2015, Father filed a "Statement of Matters on Appeal." *Id.*

In his Rule 1925(b) statement, Father asserts the following "errors," which we repeat here verbatim:

1. The administration of this Support Order.

2. The unfair and discriminatory actions of this Court.

3. The unjust disregard of my parental rights.

4. The favoritism and preferential treatment given to [Mother].

5. Every action this Court has taken since the first time the aforementioned violations of my civil and constitutional rights have been violated as well as the violations of the rules of civil procedure that have taken place.

---

[1] *See* Notes of Testimony, Hearing, 6/23/15, at 17.

Father's Statement of Matters on Appeal, 9/8/15, at 1.

In response to Father's Rule 1925(b) statement, the trial court determined that Father's issues were too vague and overbroad to provide any guidance as to which errors or rulings Father challenged. Trial Court Rule 1925(a) Opinion, 9/29/15, at 4. The trial court recognized the directive of Rule 1925, requiring that an appellant "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient details to identify all pertinent issues for the judge." *Id.* (quoting Pa.R.A.P. 1925(b)(4)(ii)). The trial court then quoted **Commonwealth v. Dowling**, 778 A.2d 683 (Pa. Super. 2001), in which this Court found that a Rule 1925(b) statement that "is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* (quoting **Dowling**, 778 A.2d at 686-87).

The trial court explained its determination that Father's Rule 1925(b) statement was too vague and overbroad to inform the court of the issues raised, stating:

> The first issue simply states, "The administration of this Support Order[,]" but fails to identify any specific ruling or error being challenged in the administration of the support order. The second issues states, "The unfair and discriminatory actions of this Court[,]" but does not identify any specific instances of unfair or discriminatory actions to be addressed. The third issue states, "the unjust disregard of my parental rights[,]" but does not specify what parental rights were involved or how they were disregarded. The fourth issue states, "The favoritism and preferential treatment given to [Mother,]" but does not specify an instance or pattern of favoritism or preferential treatment

extended to [Mother]. The final issue states, "Every action this Court has taken since the first time the aforementioned violations of my civil and constitutional rights have been violated as well as the violation of the rules of civil procedure that have taken place." The very premise of this last statement defines overly broad. There is no way for this trial court to identify with any certainty what rulings or errors [Father] has complained of on appeal. The aforementioned issues should be considered waived.

*Id.* at 4-5.

We agree with the trial court that Father's Rule 1925(b) statement presents five alleged errors that are so vague and overbroad as to warrant a finding of waiver. However, we also recognize, as did the trial court, that a 1925(b) statement comprised of general statements can survive waiver under certain stances. As the trial court stated:

[U]nder § 1925(b)(4)[(vi)] the [c]ourt may allow generality where the appellant cannot determine the basis for the judge's decision. In that instance however the appellant must preface the statement with an explanation of the generality of the issues complained of on appeal. Pa.R.A.P. § 1925(b)(4)[(vi)]. Here, [Father] made no such preface in his Statement. The reasoning for the Master's findings are clearly stated in the Master's report. Likewise, the trial court[']s decisions are stated on the record. There are no "generalities" within either the Master's or the Judge's decisions. The rationales behind each of their decisions are clearly stated. [Father] is clearly dissatisfied with the overall findings of the Master and the trial court, but fails to give a legal or factual rationale for his dissatisfaction.

*Id.* at 5.

Based on our review of Father's Rule 1925(b) statement, we conclude Father has waived all issues on appeal. We acknowledge that Father is proceeding *pro se*. Regardless, as this Court has recognized:

> [A]lthough Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar, Pennsylvania appellate courts nonetheless long have recognized that we must demand that *pro se* litigants comply substantially with our rules of procedure. We also have held time and again that "[t]his Court will not act as counsel" for an appellant who has not substantially complied with our rules. ***Bombar v. W. Am. Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007).

***Commonwealth v. Spuck***, 86 A.3d 870, 874 (Pa. Super. 2014) (some internal citations omitted).[2] "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Commonwealth v. Gray***, 608 A.2d 534, 550 (Pa. Super. 1992) (citation omitted).

Even if Father's Rule 1925(b) statement could be read as informing the trial court of the errors complained of, Father has compounded his procedural missteps by presenting the following Statement of the Questions Involved in his brief:

> 1. Did the [t]rial [c]ourt commit an abuse of discretion when denying [Father] recovery of the amounts that were overpaid in the child support case?

_____

[2] "Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." ***Kanter v. Epstein***, 866 A.2d 394, 400 n. 6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005). ***See also McKeeman v. Corestates Bank, N.A.***, 751 A.2d 655, 658 n.2 (Pa. Super. 2000).

2. Did the [t]rial [c]ourt commit an abuse of discretion when the Master acted as private counsel for [Mother] and provided [Mother] an affirmative defense to the claims of overpayment?

3. Did the [t]rial [c]ourt commit an abuse of discretion when the Master erred in his finding the [Father] was not prevented from filing the Petition earlier?

4. Did the [t]rial [c]ourt commit an abuse of discretion when the Master ruled in his findings that Appellant had overpaid his support obligation for [h]ealth [i]nsurance [p]remiums and failed to provide [Father] with the proper credits.

5. Did the [t]rial [c]ourt commit an abuse of discretion when the Master ruled in his findings that [Father] had overpaid his support obligation for [c]hild [c]are [e]xpenses and failed to provide [Father] with the proper credits?

6. Did the [t]rial [c]ourt commit an abuse of discretion when the Master erred in his finding that Appellant agreed to allow [the parties' daughter] to attend Archbishop Ryan High School?

Father's Brief at 4. As can be easily ascertained by comparing the questions presented with the errors raised in Father's Rule 1925(b) statement, the questions involved were not preserved in the 1925(b) statement. This Court has held that "[a]n appellant's failure to include an issue in his [Rule] 1925(b) statement waives that issue for purposes of appellate review." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006) (citing *McKeeman*, 751 A.2d at 658).

It is not lost on this Court that the six issues set forth in Father's Statement of Questions Involved mirror the six exceptions filed from the Master's Report and Proposed Order. However, as the trial court explained—

and is noted above—at the hearing on those exceptions, the trial court instructed Father to provide references to the Master's hearings transcripts that he relied upon for his exceptions. Father refused to do so more than a dozen times, Notes of Testimony, Hearing, 6/23/15, at 11-16, and later simply responded, "Pages 1-277." *Id.* at 17, 22. Further, despite Father's submission of a brief to the trial court in advance of the hearing, Father failed to offer any citation to authority in support of his exceptions. Trial Court Rule 1925(a) Opinion, 9/29/15, at 6. The lack of any references to the record or evidence to support Father's exceptions, coupled with the absence of legal authority in support of his exceptions, resulted in the trial court's denial of Father's exceptions. *Id.* at 6, 11.

While Father attempts to raise those same exceptions in the brief filed with this Court, he failed to preserve those issues in his Rule 1925(b) statement. In addition, he has submitted a brief that presents argument on each of his six issues without citation to a single legal authority or any reference to any part of the certified record that supports his arguments. As this Court reiterated in *Hayward v. Hayward*, 868 A.2d 554 (Pa. Super. 2005):

> It is not the duty of the Superior Court to scour the record and act as the appellant's counsel, and we decline to do so. *Andaloro v. Armstrong World Industries, Inc.*, 799 A.2d 71, 87 (Pa. Super. 2002) (Pa.R.A.P. 2119(a) requires citation to pertinent authority for an issue to be addressed); *Commonwealth v. A.W. Robl Transport*, 747 A.2d 400, 405 (Pa. Super. 2000) (when an issue is not developed in an appellate brief, it will be deemed waived); *In re Child M.*, [452

Pa. Super. 230,] 681 A.2d 793, 799 (1996) (the Superior Court will not scour the record on an appellant's behalf trying to find mistakes by the trial court. It is the appellant's responsibility to precisely identify any purported errors).

*Id.* at 558 (citation omitted).

Because Father's Rule 1925(b) statement was too vague and overbroad to enable the trial court to conduct a meaningful review, his issues are waived on appeal. Even if not waived for vagueness, Father waived all of the issues presented in his brief for failure to preserve them in his Rule 1925(b) statement and, further, for filing a facially and fatally defective brief devoid of legal authority and reference to the record.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2016