J-A07045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : | |
| v. | : : : | |
| | : | |
| JAMES WALLACE KENDALL | : : | |
| | : | No. 832 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence May 3, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001505-2015

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 16, 2018**

Appellant, James Wallace Kendall, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Franklin County following his conviction on the charges of simple assault, reckless endangerment of another person, and criminal mischief.[1] After a careful review, we quash this appeal due to Appellant's failure to file a brief that conforms in any meaningful manner to the Pennsylvania Rules of Appellate Procedure.

The relevant facts and procedural history are as follows: Appellant was convicted on the aforementioned charges, and on May 3, 2017, the trial court sentenced him to an aggregate of six months to twenty-three months in prison, to be followed by ninety days of probation. Appellant filed a timely

---

[1] 18 Pa.C.S.A. §§ 2701, 2705, and 3304, respectively.

---

* Former Justice specially assigned to the Superior Court.

*pro se* appeal on May 16, 2017, and on June 5, 2017, Appellant filed in this Court a request for the assistance of counsel.

By order entered on June 6, 2017, pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1988), this Court remanded for the trial court to hold a hearing to determine whether Appellant wished to proceed *pro se* or with the appointment of counsel. On June 14, 2017, after conducting an on-the-record colloquy, the trial court filed an order indicating: "It is hereby found that [Appellant] is in need of the assistance of counsel. The Court hereby appoints the Franklin County Public Defender's Office to represent the interests of [Appellant] on appeal." Trial Court Order, filed 6/14/17.

On August 17, 2017, Appellant filed in this Court a *pro se* motion in which he objected to the appointment of counsel from the Franklin County Public Defender's Office on the basis there was a "direct conflict of interest." Accordingly, by order entered on October 2, 2017, this Court directed the trial court to hold a hearing to determine whether Appellant wished to proceed *pro se*, with current counsel, or, if appropriate, with new appointed counsel. **See Commonwealth v. McAleer**, 561 Pa. 129, 748 A.2d 670, 673 (2000) (noting right to counsel of one's own choice is not absolute, but must be weighed against state's interest in swift and efficient administration of criminal justice). We further directed that, if Appellant wished to proceed *pro se*, the trial court was to determine whether Appellant's waiver of counsel was knowing, intelligent, and voluntary pursuant to **Grazier**, **supra**.

J-A07045-18

Following a hearing, by order entered on October 25, 2017, the trial court concluded that "[Appellant] wishes to proceed without representation from court appointed counsel and that said decision is knowing, intelligent and voluntary pursuant to the requirements of [*Grazier*, *supra*], [thus] it is hereby ordered that Chief Public Defender Ian Brink is relieved of his obligation to represent [Appellant]." Trial Court Order, filed 10/25/17. Thereafter, Appellant filed in this Court a *pro se* appellate brief.

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n. 1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***Id.*** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***; Pa.R.A.P. 2101.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa.Super. 2003).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.--**The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for Appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a) (bold in original). Further, Pa.R.A.P. 2116 entitled "Statement of Questions Involved" states:

**(a) General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby. . . .

Pa.R.A.P. 2116(a) (bold in original). The omission of a statement of the questions involved is particularly grievous because it defines the specific issues this Court is asked to review. *See Maris*, *supra*.

In the case *sub judice*, Appellant's brief falls well below the standard delineated in the Rules of Appellate Procedure. In fact, aside from providing us with a docketing statement, as well as listing issues on what appears to be

- 4 -

a standard form used for PCRA[2] purposes, Appellant has presented this Court with no issues or arguments for review. Appellant's failure to provide us with an appropriate brief has greatly impaired our ability to conduct meaningful appellate review.

While we are not insensitive to the fact Appellant has chosen to proceed *pro se*, we decline to act as his counsel. ***See Commonwealth v. Spuck***, 86 A.3d 870, 874 (Pa.Super. 2014). Accordingly, we quash this appeal for Appellant's failure to comply in any meaningful manner with the Pennsylvania Rules of Appellate Procedure.

Appeal Quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/2018

---

[2] Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.