J-S43031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT A. MUNDY | : | |
| | : | |
| Appellant | : | No. 1324 EDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1208861-1986

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 15, 2026**

Appellant, Vincent A. Mundy, appeals *pro se* from the post-conviction court's order dismissing, as untimely, his ninth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we quash this appeal.

We need not discuss the facts of Appellant's underlying convictions.  We only note that in 1987, he was convicted of third-degree murder, 18 Pa.C.S. § 2502(c), and possessing an instrument of a crime, 18 Pa.C.S. § 907. Appellant was sentenced to a mandatory term of life imprisonment pursuant to 42 Pa.C.S. § 9715(a).[1]  This Court affirmed his judgment of sentence on

_____

[1] That provision states:

*(Footnote Continued Next Page)*

July 11, 1991, and our Supreme Court denied Appellant's subsequent petition for permission to appeal on January 14, 1992. ***See Commonwealth v. Mundy***, 598 A.2d 1331 (Pa. Super. 1991) (unpublished memorandum), *appeal denied*, 602 A.2d 858 (Pa. 1992).

Appellant thereafter "filed eight … PCRA petitions in 1992, 2006, 2014, 2015, 2016, 2017, 2019, and 2023[,] before filing the present PCRA petition on December 29, 2023." Commonwealth's Brief at 3. Therein, Appellant claimed "that his life sentence for third[-]degree murder, which he alleges resulted from an abuse of procedural due process by the government, is unlawful and unconstitutional." PCRA Court Opinion (PCO), 4/25/25, at 1 (unnumbered). On March 21, 2025, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition on the basis that it was untimely, and that he failed to plead and prove the applicability of any timeliness exception. Specifically, the PCRA court stated:

---

**(a) Mandatory life imprisonment.--**Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S. § 9715(a).

Your sentence was based upon the recidivist statute, 42 Pa.C.S.[] § 9715(a)…. However, while you referenced the time[-]bar exceptions, you failed to articulate any argument or evidence in furtherance of these allegations. This kind of presentation [falls] woefully short of your obligation to explain how one of the three statutory exceptions applie[s]. ***See***[] ***Commonwealth v. Marshall***, … 947 A.2d 714, 721 ([Pa.] 2008) (holding a petitioner does not meet his burden of proving time[-]bar exceptions where he offers only general allegations, unsupported by evidence); ***Commonwealth v. Yarris***, … 731 A.2d 581, 588 ([Pa.] 1999) (holding "vague and unsupported" allegations [are] inadequate to establish [a] time[-]bar exception); ***Commonwealth v. Murphy***, 180 A.3d 402[, 404-05] ([Pa. Super.] 2018) ([finding the p]etitioner fail[ed] to meet the timeliness burden where their argument was not clearly divided into identifiable issues but instead intermixed various claims together in [an] incoherent fashion, without developing any meaningful argument as to which exception applies and why).

As you failed to plead and prove one of the exceptions to the PCRA's time-bar, this [c]ourt is without jurisdiction to consider the merits of your claim or offer any form of relief.

Rule 907 Notice, 3/21/25, at 1-2 (unnumbered). ***See also*** 42 Pa.C.S. § 9545(b)(1) (stating that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that" one of the exceptions set forth in subsections (b)(1)(i)-(iii) applies); ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating that the PCRA time limitations implicate a court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition).

Appellant did not file a response, and on April 25, 2025, the PCRA court issued an order dismissing his petition. Appellant filed a timely, *pro se* notice of appeal on May 16, 2025. He also filed a Pa.R.A.P. 1925(b) concise

statement of errors complained of on appeal, despite not being ordered to do so by the PCRA court. The court thereafter filed a Rule 1925(a) opinion, reiterating the rationale set forth in its Rule 907 notice. *See* PCO at 1-2 (unnumbered).

Before this Court, Appellant has filed a *pro se* brief that wholly fails to comply with the Pennsylvania Rules of Appellate Procedure. Specifically, his brief begins with a cover page setting forth a list of the documents that he has included for our review. *See* Appellant's Brief at 1 (unnumbered). Appellant's brief then contains ten photocopied pages from his sentencing proceedings, throughout which Appellant has starred and/or underlined certain language. *See id.* at 2-11 (unnumbered). Appellant next attaches a copy of his Rule 1925(b) statement, *id.* at 12-13 (unnumbered), and then a document entitled, "'The List of Named Police/Detectives' Involved in Governmental Officials Interferences of a Unconstitutional Nature[,]" *id.* at 14 (unnumbered; verbatim). This list simply states the names of several detectives and police officers, followed by allegations of misconduct they purportedly committed. *See id.* Appellant then attaches a single-page letter sent to him from the Conviction Integrity Unit of the District Attorney's Office, which merely indicates that it received Appellant's submission for the unit's review of his case. *Id.* at 15 (unnumbered). After two more pages containing a verification, certificate of compliance, and certificate of service, *id.* at 16-17 (unnumbered), Appellant ends his brief by attaching the PCRA court's Rule 1925(a) opinion, *id.* at 18-19 (unnumbered).

Notably, Appellant's brief does not contain any of the following matters:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

Pa.R.A.P. 2111(a)(1)-(9). Most problematically is Appellant's utter failure to provide any argument or discussion to demonstrate how or why the PCRA court erred by dismissing his patently untimely petition.

> This Court has stated that,
>
> [b]riefs shall conform in all material respects with the requirements of [the R]ules [of Appellate Procedure] as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief … of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.
>
> Although Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar, Pennsylvania appellate courts nonetheless long have recognized that we must demand that *pro se* litigants comply substantially with our rules of procedure. We also have held time and again that this Court will not act as counsel for an appellant who has not substantially complied with our rules.

*Commonwealth v. Spuck*, 86 A.3d 870, 874 (Pa. Super. 2014) (cleaned up).

- 5 -

Here, Appellant's brief wholly fails to conform to our rules of appellate procedure. Given the significant defects in his brief, and his complete failure to present any meaningfully developed argument for our review, we quash his appeal. *See id.* at 871 (quashing the appellant's appeal "due to his flagrant failure to file a brief that conforms to the Pennsylvania Rules of Appellate procedure").[2]

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026

---

[2] In any event, we would affirm the dismissal of Appellant's petition for the reasons set forth by the PCRA court in its Rule 907 notice and Rule 1925(a) opinion.