J-S19045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN L. WILKINS, SR. | : | |
| | : | |
| Appellant | : | No. 15 WDA 2021 |

Appeal from the Order Entered October 23, 2020,
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001235-2015,
CP-22-CR-0003382-2002, CP-22-MD-0000808-2019,
CP-22-MD-0000809-2019

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED:  July 1, 2021**

Allen L. Wilkins, Sr. (Wilkins) appeals *pro se* from the orders entered in the Court of Common Pleas of Dauphin County[1] (trial court) denying his petition for review and affirming the Dauphin County District Attorney Office's denial of his private criminal complaints.  We affirm as to case numbers 808

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Dauphin County is in the Middle District, this appeal was transferred to the Superior Court's Western District for disposition due to Wilkins' prior litigation involving the Middle District's Deputy Prothonotary. (**See** *Per Curiam* Order, 1/06/21, at 1).

MD 2019 and 809 MD 2019 and quash as to case numbers 3382 CR 2002 and 1235 CR 2015.[2]

## I.

We take the pertinent background facts and procedural history from our independent review of the certified record, the trial court's January 23, 2021 opinion and this Court's December 13, 2019 decision.

As summarized by the previous panel of this Court:

> On Case No. CP-22-CR-3382-2002, Wilkins was convicted by a jury of, among other offenses, Attempted Murder and [Judge Joseph Kleinfelter] sentenced [him] to 12 to 24 years' imprisonment. On direct appeal, this Court affirmed the judgment of sentence[, concluding, in part, that his ineffective assistance of counsel claim was premature and declining to conduct a review where it had not been raised below]. **See Commonwealth v. Wilkins**, 897 A.2d 524 (Pa. Super. 2006). He then filed a petition for allowance of appeal that was denied on July 12, 2006. **See Commonwealth v. Wilkins**, 902 A.2d 1241 (Pa. 2006). … Since that time, Wilkins has filed numerous PCRA petitions that have

---

[2] Wilkins' notice of appeal contained multiple trial court docket numbers in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). **See Walker**, **supra** at 979 ("[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed."); **see also** Pa.R.A.P. 341, Official Note. On February 18, 2021, in response to a rule to show cause, this Court received a copy of the order from which Wilkins is appealing, which listed only docket number 808 MD 2019. On February 22, 2021, this Court received a statement from the trial court that the order from which Wilkins is appealing is filed at docket numbers 808 MD 2019 and 809 MD 2019. The court requested that we quash the appeals at docket numbers 1235 CR 2015 and 3382 CR 2002 because the order from which Wilkins is appealing is not on the dockets for the criminal cases. Our independent review confirms the court's representation and, therefore, we quash the appeal as to docket numbers 1235 CR 2015 and 3382 CR 2002. We decline to quash the appeal in its entirety on the basis of **Walker**, however, because the failure to file separate notices of appeal did not implicate the concerns raised therein.

been denied[, including, in pertinent part, one filed on August 2, 2006, that raised multiple issues, including, *inter alia*, a challenge to stipulated medical records. In his thorough motion to withdraw, appointed counsel explained that the issue lacked merit because the records were properly admitted and relevant, and he was granted permission to withdraw. Wilkins filed an appeal, which the Superior Court dismissed for failure to comply with the briefing schedule. On August 13, 2008, the Pennsylvania Supreme Court denied his request for allowance of appeal].

On Case No. CP-22-CR-1235-2015, Wilkins entered a plea of *nolo contendere* to barratry and on September 25, 2015, [Judge William T. Tully] sentenced [him] to serve 12 months' probation consecutive to Case No. CP-22-CR-3382-2002 [and ordered him to refrain from engaging in vexatious lawsuits]. He filed a direct appeal that this Court dismissed for filing a defective brief. **See Commonwealth v. Wilkins**, No. 1877 MDA 2015 (Pa. Super. filed June 6, 2016). Wilkins then filed a petition for allowance of appeal that our Supreme Court denied on March 14, 2017. **See Commonwealth v. Wilkins**, 169 A.3d 6 (Pa. 2017). …

(**Commonwealth v. Wilkins**, 2019 WL 6825965, unpublished memorandum, at *1 (Pa. Super. filed Dec. 13, 2019)).

In October 2018, Wilkins submitted two single-page private criminal complaints against Judge Tully to the Dauphin County District Attorney's Office. The October 9, 2018 complaint charged Judge Tully with Fraud, 18 Pa.C.S. § 4101,[3] and Obstruction, 18 Pa.C.S. § 5101.[4] In support of the

---

[3] Wilkins identified the applicable fraud statute as Section 4101, forgery. (**See** Private Criminal Complaint, 10/09/18, at 1). The elements of forgery are that there was false writing, that instrument was capable of deceiving, and that defendant intended to defraud. **See** 18 Pa.C.S. § 4101(a).

[4] "A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental

- 3 -

charges, the one paragraph private criminal complaint vaguely claimed that Judge Tully violated the law of the case and coordinate jurisdiction doctrines by altering an unidentified order previously entered by Judge Kleinfelter. (**See** Private Criminal Complaint, 10/09/18, at 1).

The October 18, 2018 private criminal complaint charged Judge Tully with violating "Title 18 and Sections 41[]and 51 of the Fraud and Obstruction" by abusing Pennsylvania Rule of Criminal Procedure 140(b); Obstructing Administration of Law or Other Governmental Function, 18 Pa.C.S. § 5101; Securing Execution of Documents by Deception, 18 Pa.C.S. § 4114;[5] Official

_____

function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act[.] …"  18 Pa.C.S. § 5101.

[5] "A person commits a misdemeanor of the second degree if by deception he causes another to execute any instrument affecting or purporting to affect or likely to affect the pecuniary interest of any person."  18 Pa.C.S. § 4114.

Oppression, 18 Pa.C.S. § 5301;[6] and Conspiracy, 18 Pa.C.S. § 903.[7] In support, Wilkins again vaguely maintains in one paragraph that Judge Tully neglected to hold an evidentiary hearing regarding an allegedly exculpatory medical report pertaining to one of Wilkins' criminal convictions as ordered to do by this Court in a prior appeal. (**See** Private Criminal Complaint, 10/18/18, at 1).

_____

[6] A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

> (1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

> (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa.C.S. § 5301.

[7] A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

On October 18, 2018, and November 16, 2018, the Dauphin County District Attorney's Office sent letters to Wilkins disapproving the private criminal complaints because criminal action was inappropriate where the complaints "lacked any merit whatsoever." (Correspondence from D.A.'s Office to Wilkins, 4/22/19, at 1).[8] Wilkins petitioned for review in the trial court and on October 30, 2020, the court issued an order denying the petition because the facts alleged did not constitute a crime, effectively affirming the D.A.'s disapproval. Wilkins timely appealed.[9]

## II.

## A.

_____

[8] The 2018 disapproval letters are not part of the certified record provided to this Court, as they are not attached to Wilkins' petition for review filed with the trial court. Instead, he attached the April 22, 2019 letter from the District Attorney's office that reiterated the reason the private criminal complaints were disapproved. Although this failure to include the letters impacts our review, we are able to discern the basic reason for the denial and, therefore, decline to find waiver. **See Commonwealth v. Sawyers**, 236 A.3d 1125 (Pa. Super. 2020) ("It is the appellant's responsibility to ensure that the Court has the complete record necessary to review his claim. When an appellant fails to provide the court with the necessary items for review, the claim is waived.") (citations omitted).

[9] "[W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes _de novo_ review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is _de novo_ and the appellate scope of review is plenary." **In re Ullman**, 995 A.2d 1207, 1213 (Pa. Super. 2010) (citation omitted).

Wilkins' brief is woefully inadequate.[10]  In it, he raises three issues for our review:  "Whether all citizens of the Commonwealth have constitutional rights[;] [w]hether black citizens of the Commonwealth have constitutional rights[; and] [w]whether [this Court] made a decision [in **Commonwealth v. Wilkins**, Docket No. 459 MDA 2005 (Pa. Super. filed Feb. 13, 2006)] relative to subject matter stipulated exculpatory medical report?"  (Wilkins' Brief, at 2) (pagination provided; emphases omitted).  The first two questions were not raised in the trial court and are waived.  **See** Pa.R.A.P. 302(a).  Moreover, they are beyond dispute:  all Pennsylvania citizens have constitutional rights.

As to the third issue, from what we generously can glean from our review of his brief, the private criminal complaints and the record, Wilkins appears to be claiming that in his direct appeal of criminal case number 3382 CR 2002, this Court made a decision about allegedly exculpatory medical report evidence and ordered Judge Tully to conduct a hearing on it, but that he failed to do so, thus committing the enumerated crimes.  (**See** Wilkins'

---

[10] The Commonwealth urges us to quash this appeal based on Wilkins' substantial failure to comply with our Rules of Appellate Procedure.  Wilkins' brief fails to comply with the Rules in myriad ways, and we could quash the appeal on this basis.  **See** Pa.R.A.P. 2101; **Commonwealth v. Spuck**, 86 A.3d 870, 871 (Pa. Super. 2014) (quashing appeal for "flagrant failure to file a brief that conforms to the Pennsylvania Rules of Appellate Procedure").  However, we decline to quash where we can conduct a review of the propriety of the trial court's decision.

Brief, at 2, 15) (pagination provided); (Private Criminal Complaint, 10/18/18).[11]

**B.**

An individual who is not a law enforcement officer may submit a private criminal complaint to the district attorney seeking prosecution for the crimes. **See** Pa.R.Crim.P. 506(A). The district attorney, within his discretion, may then elect to either approve or disapprove the complaint. **See id.** "A private criminal complaint must at the outset set forth a *prima facie* case of criminal conduct." **In re Ullman**, **supra** at 1213.

If the district attorney disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review. In such a challenge to the disapproval, the complainant must do more than show that the district attorney's decision was flawed, but is also required to show that the decision amounted to bad faith, fraud or was unconstitutional. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion and should leave the

---

[11] He appears to abandon his complaint that Judge Tully committed fraud and obstruction by entering an order allegedly in violation of the coordinate jurisdiction and law of the case doctrines. (**See** Wilkins' Brief, at 2-16); (Private Criminal Complaint, 10/09/18, at 1). Although he attaches Judge Tully's November 2, 2016 order that directed medical records docketed in case 1235 CR 2015 would also apply in case number 3382 CR 2002, Wilkins fails to offer any argument as to this order or how it constituted fraud or obstruction. (**See** Wilkins' Brief, at 7, 12-19) (pagination provided).

district attorney's decision undisturbed. *See In re Private Criminal Complaints of Rafferty*, 969 A.2d 578, 581-82 (Pa. Super. 2009).

Here, the district attorney disapproved Wilkins' private criminal complaints because they "lacked any merit whatsoever." In denying Wilkins' petition for review, the trial court agreed, explaining that:

> The conduct alleged in [Wilkins'] private criminal complaints, (*i.e.*, that Judge Tully allegedly violated the coordinate-jurisdiction doctrine and failed to conduct an evidentiary hearing regarding an exculpatory medical report) does not constitute criminal activity. Therefore, even if considered true, the facts alleged in the private criminal complaints did not establish a *prima facie* case that any crime had been committed by Judge Tully, let alone the crimes charged by [Wilkins]. Therefore, the [District Attorney] did not err in disapproving [Wilkins'] two private criminal complaints[.] Moreover, in appealing the … disapproval, [Wilkins] failed to present this court with any additional evidence whatsoever to establish a *prima facie* case that Judge Tully had committed the crimes alleged. …

(Trial Court Opinion, 2/16/21, at 1-2).

As explained below, we discern no error of law.

## 1.

First, Wilkins' complaints lacked specifics on the essential elements of the purported offenses alleged: conspiring to commit a crime, intent to defraud or obstruct the administration of law, deceptive execution of an instrument to affect Wilkins' pecuniary interest or knowing engagement in illegal conduct to infringe on Wilkins' rights. *See* 18 Pa.C.S. §§ 903, 4101, 4114, 5101, 5301. Further, Wilkins' petition for review failed to provide evidence that the District Attorney's decision amounted to bad faith, fraud or

was unconstitutional, and our independent review of the record does not reveal any facts to support such claims. Therefore, the court did not commit an error of law when it denied Wilkins' petition for review.

**2.**

Moreover, Wilkins' claim that this Court made a substantive finding as to exculpatory evidence in his criminal case and ordered Judge Tully to conduct a hearing does not entitle him to relief. Even assuming we made such a finding (which we expressly declined to do) and ordered Judge Tully to hold a hearing, his mere failure to do so would not constitute criminal behavior.

Further, Wilkins' interpretation of our decision is flawed. The decision involved the *nunc pro tunc* direct appeal of his judgment of sentence in case 3382 CR 2002, in which he alleged, in pertinent part, that trial counsel was ineffective for stipulating to the admission of a medical report at trial. We dismissed the claim without prejudice on the basis of ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002), to allow Wilkins the opportunity to raise the claim in a PCRA petition so that a full record could be developed since he had not raised this issue below and we declined to be the factfinder. (***See Commonwealth v. Wilkins***, Docket No. 459 MDA 2005, at *8 (Pa. Super. filed Feb. 13, 2006)).

On August 2, 2006, Wilkins filed a *pro se* PCRA petition raising multiple issues, including a challenge involving the subject medical report. (***See*** PCRA Petition, 8/02/06, at 15-16). Appointed counsel filed a thorough motion to withdraw, in part on the basis that the issue was frivolous since the report was relevant and properly admitted. The court issued Rule 907 notice of its intent to dismiss the petition without a hearing, granted counsel's petition to

withdraw and denied the PCRA petition.  ***See Commonwealth v. Simpson***, 66 A.3d 253, 260–61 (Pa. 2013) (PCRA petitioner is not entitled to a hearing unless he raises issue of fact that entitles him to relief); Pa.R.Crim.P. 907(1). This Court dismissed Wilkins' *pro se* appeal for his failure to adhere to the briefing schedule and our Supreme Court denied review.  There is nothing inappropriate in this procedure, let alone illegal.

Therefore, the trial court had reasonable grounds to conclude that the District Attorney did not abuse its discretion in disapproving Wilkins' private criminal complaint on the basis that it lacked any merit, and Wilkins has failed to show that the trial court committed an error of law in interpreting the District Attorney's decision.  ***See Ullman***, ***supra*** at 1213.  Wilkins' claim does not merit relief.

Orders affirmed.  Appeal as to docket numbers 1235 CR 2015 and 3382 CR 2002 quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/2021